## 20409.  HORNER v. ESSERMAN et al.

STEPHENS, J.  1. Where a contract is executed by the party of the first part by and through his authorized agent, by which he agrees to furnish to the parties of the second part, for one evening only, between stipulated dates, a theatrical company for the purpose of putting on a theatrical performance, in a theatre to be furnished for the purpose by the parties of the second part, and the contract expressly provides that "definite dates" inserted in the contract by agents shall not be binding on the party of the first part "until approved from his office," it does not appear conclusively and as a matter of law that a specified date written on the margin of the contract by the agent of the party of the first part at the time of the execution of the contract and then agreed upon by the parties of the second part as the specific date for the performance was approved by the office of the party of the first part and became a part of the contract, where there is evidence authorizing the inference that the party of the first part afterwards, in letters to one of the parties of the second part, recited the arrangement of the specific date which had been made by the agent, and inquired whether this date was an arbitrary one, and suggested that another and a different date be arranged and that the matter of a final determination as to fixing a specific date for the performance be held in abeyance, and that afterwards a different date from that which had been inserted in the margin of the contract and arranged with the agent was agreed upon and fixed by the party of the first part and one of the parties of the second part as the date for the performance, and the performance afterwards took place on the later date.

2. Where the evidence authorizes the inference that the three parties of the second part each had a joint interest in the profits and losses of the enterprise, their relationship was equivalent to that of partners (Civil Code, 1910, §§ 3158, 3180), and where the evidence authorizes the inference that after the execution of the contract one of the parties of the second part, with the knowledge of the other two parties of the second part, negotiated and corresponded with the party of the first part for the purpose of agreeing upon a specific date for the performance, and agreed with the party of the first part upon a specific date for the performance, which date was within the period fixed in the contract for such performance, and where, pursuant to this agreement the show was, on the date so fixed, put on under the conditions provided in the contract, such as in a suitable auditorium provided, etc., the inference is authorized that the party of the second part, who thus agreed upon the fixing of the date upon which the show afterwards took place, was the agent for all the parties of the second part for the purpose of performing and carrying out the contract in their behalf.  This is true notwithstanding one of the parties of the second part may have notified the party of the first part before the performance actually took place that the date agreed upon and on which the show was afterwards put on was not acceptable to him and he would not be bound by the arrangement.  The inference is authorized that the date upon which the performance actually took place, and not the date inserted by the agent in the margin of the contract, was the date contracted upon for the performance.

3. This being a suit by the party of the first part against the parties of the second part to recover on the contract an alleged balance due on the amount which the parties of the second part had contracted to pay for the putting on of the show, it was error to direct a verdict for the defendants.

4. Evidence tending to establish that the date inserted in the margin of the contract was so inserted by the agent of the party of the first part, and that it was agreed and consented to by the parties of the second part, and that the contract as agreed upon by the parties provided that the date so entered in the margin of the contract was the date upon which it was agreed that the theatrical performance was to take place, was admissible over the objection that it sought by parol to vary or add to a written contract.

5. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1931.

*Wright & Covington,* for plaintiff.
*Porler & Mebane, James F. Kelly,* for defendants.